CHARLES CASPARY, APPELLEE, V. BOYD COUNTY, APPELLANT.

FILED DECEMBER 30, 1925.   No. 23409.

Taxation:  TAX SALES:  INTEREST.  By the passage of sections 6101, 6102, and 6103, Comp. St. 1922, none of the rights of a tax purchaser under section 6078 and section 6068 were abrogated, but expressly reserved, and when a purchaser brings himself within the terms of the last two mentioned sections, he is entitled to judgment for the amount of the money paid, together with interest thereon at the rate of 15° per cent. per annum from the date of payment to the date of judgment.

APPEAL from the district court for Boyd county:  ROBERT R. DICKSON, JUDGE.  *Affirmed.*

*A. B. Wallace,* for appellant.

*W. T. Wills, contra.*

Heard before MORRISSEY, C. J., DEAN, DAY, GOOD, THOMPSON and EBERLY, JJ.

MORRISSEY, C. J.

This proceeding was brought by plaintiff against the county of Boyd for the recovery of money which he had paid to the county treasurer on the purchase of a tax sale

certificate on a tract of land in that county which was not subject to assessment when the taxes which plaintiff paid were assessed. The trial court entered a judgment in favor of plaintiff for the amount of his payment, plus interest at the rate of 15 per cent. per annum from the date of payment to the date of the judgment. The county has appealed, and in its brief tersely states the issue as follows:

"The issue actually tried by the court was whether the plaintiff was entitled to 15 per cent. upon the tax payment."

The brief of appellee supplements this statement and puts the issue thus:

"The only question at issue in this case is as to whether or not the appellee is entitled to 15 per cent. under section 6078 of the 1922 statute or whether or not he is entitled to only 6 per cent. as provided in sections 6101, 6102, 6103 of the Compiled Statutes of 1922."

By section 6078, Comp. St. 1922, which is an older statute than sections 6101, 6102, and 6103, it is provided that when, by mistake or wrongful act of the county treasurer or other officer, land has been sold on which no tax was due, etc., the county shall hold the purchaser harmless by paying him the amount of the principal, interest and costs to which he would have been entitled had the land been rightfully sold. Section 6068, Comp. St. 1922, which also antedates sections 6101, 6102, 6103, provides for the payment of interest on tax sale certificates in case of redemption at the rate of 15 per cent. per annum. In computing the rate of interest to which plaintiff was entitled, the district court took the rate fixed by the latter statute.

Chapter 228, Laws 1915, constituting sections 6101, 6102, and 6103, Comp. St. 1922, provides in a general way that, whenever under the contingencies therein mentioned the purchaser at tax sale shall be entitled to recover back his purchase money because of the failure of the tax, interest shall be computed on his payment at 6 per cent. The county would have the court adopt the rate fixed by this statute. And herein lies the controversy.

The title and context of chapter 228, Laws 1915, sug-

gest that its author had in mind special assessments rather than the ordinary taxes for governmental purposes covered by the older statutes. It specifically provides:

"This act shall be construed as cumulative only, and not to deprive any county, municipality, drainage district or other political subdivision of the state of any right or remedy they may now have for the collection of taxes, or special assessments under the existing laws of this state, nor shall it be construed to deprive any tax purchaser of any right or remedy he may now have under the laws of this state. Nor shall it be construed to mean that the legislature intended by the passage of this act that the right to sell real estate for special assessment does not exist under the present law." Comp. St. 1922, sec. 6103.

We think it clearly appears that all the rights which plaintiff had under the statute in force before the passage of sections 6101, 6102, and 6103 were reserved to him. The judgment of the district court is clearly right and it is

AFFIRMED.